FILED
CLERK, U.S. DISTRICT COURT

6/8/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>MARK FARAG SHEHATA,<br>   aka "Mark Fshehata,"<br>   aka "Mark Farag,"<br>   aka "Samy Farag,"<br><br>          Defendant. | CR  2:23-cr-00286-GW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

Defendant and the Relevant Entities

1.   Defendant MARK FARAG SHEHATA, also known as ("aka") "Mark Fshehata," aka "Mark Farag," aka "Samy Farag," resided in Marina Del Rey, California.

2.   Defendant SHEHATA organized, registered, and was a member and/or manager of the following limited liability companies, all of

which purportedly operated from addresses in Marina Del Rey, California:

a.  Shirmak Group LLC;

b.  Cynergy Group Internatioal (sic) LLC;

c.  Global Network Investments LLC; and

d.  Alpha and Omega Group LLC.

3.  Bank of the West, U.S. Bank, and Cross River Bank were financial institutions based in San Francisco, California; Minneapolis, Minnesota; and Teaneck, New Jersey, respectively, and were approved lenders of Paycheck Protection Program loans. Fund-Ex Solutions Group, LLC was an approved non-bank lender of such loans based in Syracuse, New York.

4.  Defendant SHEHATA controlled at least 18 business checking accounts in his name and in the names of Shirmak Group LLC, Global Network Investments LLC, Alpha and Omega Group LLC, Cynergy Group Internatioal (sic) LLC, and Marsh Research Group LLC at a branch of Bank of the West within the Central District of California.

The Paycheck Protection Program

5.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic. One form of assistance provided by the CARES Act was the authorization of United States taxpayer funds in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). PPP loan proceeds were required to be used by the business to pay certain

permissible expenses: payroll costs, interest on mortgages, rent, and utilities.

6. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the applicant business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. Such certifications required the applicant to affirm that "The [PPP loan] funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments," and that the "loan proceeds will be used only for business-related purposes as specified in the loan application" and consistent with the PPP rules. The authorized representative of the applicant was also required to certify that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in material respects," and "I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud."

7. In the PPP loan application, the applicant was required to state, among other things, the business's: (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, the applicant was required to provide documentation showing its payroll expenses.

8. A small business's PPP loan application was received and processed by a participating lender approved by the Small Business

Administration ("SBA"). If a PPP loan application was approved, the participating lender would fund the PPP loan using its own monies, which were guaranteed by the SBA.

B.    THE SCHEME TO DEFRAUD

9.    Beginning in or about May 2020, and continuing through in or about May 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SHEHATA, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Bank of the West, U.S. Bank, Cross River Bank, and Fund-Ex Solutions Group, LLC, and the SBA, as to material matters, and to obtain money and property owned by and in the custody and control of Bank of the West, U.S. Bank, Cross River Bank, and Fund-Ex Solutions Group, LLC, and the SBA, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

10.    The fraudulent scheme operated and was carried out, in substance, as follows:

a.    Beginning in or about May 2020, defendant SHEHATA submitted, and caused to be submitted, at least seven false and fraudulent PPP loan applications to Bank of the West, U.S. Bank, Cross River Bank, and Fund-Ex Solutions Group, LLC, and the SBA, on behalf of Shirmak Group LLC, Global Network, LLC, Global Network, Global Network Investments, Alpha and Omega Group, and Cynergy Group. More specifically:

i.    On or about May 27, 2020, defendant SHEHATA submitted a loan application for Shirmak Group LLC to Fund-Ex Solutions Group, LLC to request a PPP loan in the amount of $30,354; the requested loan was funded on or about May 29, 2020;

4

ii.  On or about June 16, 2020, defendant SHEHATA submitted a loan application for Global Network, LLC to Fund-Ex Solutions Group, LLC to request a PPP loan in the amount of $1,517,709; the requested loan was not funded because Fund-Ex Solutions Group, LLC suspected fraud;

iii. On or about June 23, 2020, defendant SHEHATA submitted a loan application for Global Network to U.S. Bank to request a PPP loan in the amount of $752,015; the requested loan was initially funded but, because U.S. Bank N.A. suspected fraud, U.S. Bank recalled the loan;

iv.  On or about July 2, 2020, defendant SHEHATA submitted a loan application for Shirmak Group LLC to Cross River Bank to request a PPP loan in the amount of $958,911; the requested loan was funded on or about July 7, 2020;

v.   On or about January 19, 2021, defendant SHEHATA submitted a loan application for the Alpha and Omega Group to Bank of the West to request a PPP loan in the amount of $780,000; the requested loan was funded on or about March 26, 2021;

vi.  On or about January 23, 2021, defendant SHEHATA submitted a loan application for the Cynergy Group to Bank of the West to request a PPP loan in the amount of $630,000; the requested loan was funded on or about April 5, 2021; and

vii. On or about April 29, 2021, defendant SHEHATA submitted a loan application for Global Network Investments to Bank of the West to request a PPP loan in the amount of $755,000; the requested loan was funded on May 24, 2021.

b.   In each of the above-listed PPP loan applications that he submitted, defendant SHEHATA certified that he, as authorized

5

representative of the named borrower, *i.e.*, Shirmak Group LLC, Global Network, LLC, Global Network, Global Network Investments, Alpha and Omega Group, and Cynergy Group, respectively, knew and understood the terms and rules of the PPP loan program, which provided that PPP loan proceeds were to be used by the recipient to pay only certain authorized business expenses, such as payroll, mortgage interest, lease, and utilities.

c. In support of the PPP loan applications, defendant SHEHATA falsely represented that the named borrower, *i.e.*, Shirmak Group LLC, Global Network, LLC, Global Network, Global Network Investments, Alpha and Omega Group, and Cynergy Group, respectively, was operating a business that had employees and business expenses, when, in fact, as defendant SHEHATA then knew, it did not. Defendant SHEHATA knew that none of the named borrowers had any employees or was conducting any type of business at the time defendant SHEHATA submitted the false PPP loan applications on their behalf. In further support of the PPP loan applications, defendant SHEHATA also knowingly provided fake quarterly payroll tax records, IRS Forms W-3, and profit and loss statements concerning the named borrowers to Bank of the West, U.S. Bank, Cross River Bank, and Fund-Ex Solutions Group, LLC, and the SBA.

d. Defendant SHEHATA caused Bank of the West, U.S. Bank, Cross River Bank, and Fund-Ex Solutions Group, LLC, and the SBA, who he knew would rely on the false statements in the PPP applications he filed, to pay and transfer the fraudulently obtained PPP loan funds into bank accounts at Bank of the West that defendant SHEHATA maintained in the names of Shirmak Group LLC, Global Network Investments LLC, Cynergy Group Internatioal (sic) LLC, and Alpha and

Omega Group LLC, all of which bank accounts defendant SHEHATA owned and controlled.

e.    None of the PPP loan proceeds defendant SHEHATA fraudulently obtained were used to make payments to employees for payroll or any business expenses.

11.   In furtherance of the scheme, defendant SHEHATA submitted to Bank of the West, U.S. Bank, Cross River Bank, and Fund-Ex Solutions Group, LLC, and the SBA, false applications requesting a total of $5,423,989 in PPP loans, and fraudulently obtained approximately $3,154,265 in PPP loan proceeds, which defendant SHEHATA caused the PPP lenders to deposit into the Bank of the West accounts that defendant SHEHATA owned and controlled.

C.    USE OF INTERSTATE WIRES

12.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant SHEHATA transmitted and caused the transmission of the following items by means of wire communications in interstate commerce:

//

//

//

7

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|-------|------|------------------------------|
| ONE | 5/27/2020 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Borrower Application Form in the name of Shirmak Group LLC to Fund-Ex Solutions Group, LLC through its servers in Syracuse, New York |
| TWO | 6/16/2020 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Borrower Application Form in the name of Global Network, LLC to Fund-Ex Solutions Group, LLC through its servers in Syracuse, New York |
| THREE | 6/23/2020 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Borrower Application Form in the name of Global Network to U.S. Bank N.A. through servers in Minneapolis, Minnesota |
| FOUR | 7/2/2020 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Borrower Application Form in the name of Shirmak Group LLC to Cross River Bank through its servers in Teaneck, New Jersey |
| FIVE | 1/19/2021 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Borrower Application Form in the name of Alpha and Omega Group to Bank of the West through its servers in Omaha, Nebraska |
| SIX | 1/23/2021 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Borrower Application Form in the name of Cynergy Group to Bank of the West through its servers in Omaha, Nebraska |
| SEVEN | 4/29/2021 | Electronic submission from Marina Del Rey, California, of a Paycheck Protection Program Second Draw Borrower Application Form in the name of Global Network Investments to Bank of the West through its servers in Omaha, Nebraska |

8

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of any of the offenses set forth in of Counts One through Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

VALERIE L. MAKAREWICZ
Assistant United States Attorney
Major Frauds Section

10